Filed 9/16/22  P. v. Barkus CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TRAVAL BARKUS,<br><br>    Defendant and Appellant. | B313889<br>(Los Angeles County<br> Super. Ct. No. TA152470) |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Reversed in part and affirmed as modified.

Adrian Dresel-Velasquez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted appellant Traval Barkus of two counts of assault with a firearm (Pen. Code, § 245, subd. (a)(2)),[1] and two counts of felon in

---

[1]    Undesignated statutory references are to the Penal Code.

possession of a firearm (§ 29800, subd. (a)(1)). Appellant does not challenge his convictions for assault with a firearm. Instead, he contends, and the Attorney General agrees, that we must reverse one of his convictions for felon in possession of a firearm, as both convictions were based on appellant's continuous possession of the same firearm. We agree with the parties and reverse the judgment on count 7, one of appellant's convictions for felon in possession of a firearm.[2] In all other respects, we affirm the judgment.

## BACKGROUND[3]

1.    *Prosecution Evidence*

Laquita Davis lived in a second-floor apartment located on Wilmington Avenue in Watts with her mother (Faye Sparrow), nephew (Kevin Gallagher), niece (Te'ona Green), and two sisters (Claudia Thomas and Eboni Hampton). Hampton and Sparrow testified that around 9:00 p.m. on July 22, 2020, appellant, who had "on and off" relationship with Davis, parked a blue SUV in the street blocking the apartment complex driveway. Davis was standing in the driveway. From inside his vehicle, appellant seemed to be arguing with Davis, who walked away from appellant's car and up the stairwell and into her apartment. Having heard the commotion, Sparrow walked out of the apartment toward the stairwell, where Hampton, Gallagher, and Green were walking. Both Sparrow and Hampton asked appellant to leave. Appellant cursed at the women and yelled for Davis to "bring her ass outside." As she

---

[2]    In light of our conclusion, we do not consider appellant's alternative contention regarding the court's imposition of sentence on count 7.

[3]    We recite the factual background only where relevant to defendant's convictions for felon in possession of a firearm.

stood on the stairwell, Green watched as appellant drove his SUV slightly forward, pointed a gun toward the apartment, and fired four-to-six gunshots. Hampton, Gallagher, and Green ran up the stairwell, and appellant drove away at a high rate of speed. Hampton and Sparrow called the police. While driving into the apartment driveway the following day, Hampton saw several expended .9 millimeter cartridge cases in the street. Hampton retrieved the cases and provided them to the police.

On August 5, 2020, several police officers with the Los Angeles Police Department responded to a shopping center parking lot and found appellant sitting inside in the driver's seat of a blue SUV.[4] The officers searched the vehicle pursuant to a search warrant and recovered a loaded handgun from the space behind the glove compartment. Los Angeles Police Department criminalist Daniel Rubin examined the recovered firearm. Rubin testified that the firearm located in appellant's SUV, a .9 millimeter semi-automatic pistol, was a "ghost gun" that had been constructed from parts manufactured by different companies. Rubin compared the three cartridge cases collected outside Davis's apartment to casings he had test fired from the ghost gun, and concluded they had been fired from the same gun.

The parties stipulated that prior to June 2020, appellant was convicted of a felony within the meaning of section 29800.[5]

2.    *Defense Evidence*

---

[4]    Officers located appellant from coordinates of his phone that the officers had obtained pursuant to a "ping search warrant."

[5]    Section 29800, subdivision (a) prohibits the possession of a firearm by any person "who has been convicted of a felony under the laws of the United States, the State of California, or any other state."

Los Angeles Police Department Officer Anthony Valenzuela testified that when he and several other officers responded to Davis's apartment around 11:00 p.m. on July 22, 2020, they used flashlights to search for expended cartridge cases in the street and sidewalk. No cartridge cases were found by the officers. Appellant testified on his own behalf. He admitted that he owned the loaded gun recovered from his SUV, and also that he fired the gun from his SUV on July 22, 2020. Defendant denied pointing the gun at anyone during the shooting.

3. *Information, Verdict, and Sentence*

By amended information, appellant was charged with ten counts: counts 1 and 2, attempted premeditated murder (§§ 664/187, subd. (a)); counts 5, 6, and 7, possession of a firearm by a felon (§ 29800, subd. (a)(1)); and counts 8, 9, and 10, assault with a firearm (§ 245, subd. (a)(2)). The information alleged various firearm enhancements on counts 1 and 2, and 8 through 10 (§§ 12022.5, subds. (a) & (c), 12022.53, subds. (b) & (c)), and alleged that defendant had suffered a prior felony conviction in 2003.

The jury found appellant guilty on counts 9 and 10 for assault with a firearm, and on counts 6 and 7 for felon in possession of a firearm. Appellant was found not guilty on all remaining charges. The court sentenced appellant to an overall term of 12 years imprisonment, calculated as follows: count 9, the low term of two years, plus a consecutive 10-year term for a firearm enhancement (§ 12022.53, subd. (a)); count 10, the same 12-year sentence, concurrent; counts 6 and 7, the same low-term of 16 months imprisonment, concurrent.

## DISCUSSION

Appellant was convicted of two counts of firearm possession by a felon based on (1) his possession of a firearm during the July 22, 2020 shooting outside Davis's apartment (count 6), and (2) his possession of the same firearm on when he was arrested August 5, 2020 (count 7). Appellant contends, and the Attorney General agrees, as do we, that one of these convictions must be reversed.

Our "Supreme Court has recognized that possession of a firearm by a felon is a continuing offense. [Citations.] 'The concept of a continuing offense is well established. For present purposes, it may be formulated in the following terms: "Ordinarily, a continuing offense is marked by a continuing duty in the defendant to do an act which he fails to do. The offense continues as long as the duty persists, and there is a failure to perform that duty." [Citations.] Thus, when the law imposes an affirmative obligation to act, the violation is *complete* at the first instance the elements are met. It is nevertheless not *completed* as long as the obligation remains unfulfilled. "The crime achieves no finality until such time."' [Citation.]" (*People v. Mason* (2014) 232 Cal.App.4th 355, 365 (*Mason*), quoting *Wright v. Superior Court* (1997) 15 Cal.4th 521, 525–526, and citing *People v. Warren* (1940) 16 Cal.2d 103, 112.)

In *Mason*, the court reversed three of the defendant's four convictions for possession of a firearm by a felon, even though the four convictions stemmed from four different dates of possession, months apart. The court reasoned that the "crime was complete at the time [the defendant] first possessed the gun because he violated the duty imposed by the statute not to do so," and that "the crime continued—as a single offense—for as long as the same possession continued, i.e., so long as [the defendant] continued to violate his duty under the statute. [Citations.]" (*Mason*, *supra*, 232

Cal.App.4th at p. 366.)  And because "there was no evidence of any interruption" in the possession of the firearm, the defendant "committed a single crime."  (*Id*. at p. 367.)

Here, like *Mason*, there was no evidence that appellant's possession of the same firearm was ever "interrupted, such that multiple separate offenses were committed."  (*Mason*, *supra*, 232 Cal.App.4th at p. 366.)  Ten days separated appellant's arrest from the shooting outside Davis's apartment, and the prosecution provided no evidence of a break in his possession of the firearm during that time.  Thus, one of appellant's convictions for felon in possession of a firearm must be reversed, and his sentence must be modified accordingly.

//

//

//

//

//

//

//

//

## DISPOSITION

With respect to count 7, the judgment is reversed.  The clerk is directed to amend the determinate abstract of judgment to reflect the dismissal of count 7 and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed in all other respects.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

6

WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.